HOEFLER v. HOEFLER.

(Supreme Court, Appellate Division, Fourth Department. February 7, 1896.)

EVIDENCE—ALIMONY—LIABILITY OF THIRD PERSON.
    In an action against the mother of plaintiff's husband to recover the
    amount of alimony the husband had been ordered to pay to plaintiff
    pending a divorce suit, on the theory that defendant advised and aided
    him to leave the state with intent to evade the order, it is error to admit
    evidence of ill treatment of plaintiff by her husband, not in defendant's
    presence, and of which defendant is not shown to have had knowledge.

Appeal from circuit court, Monroe county.

Action by Mary E. Hoefler against Mary R. Hoefler.    From a
judgment for plaintiff, defendant appeals.    Reversed.

June 20, 1888, the plaintiff and John C. Hoefler intermarried, and there-
after they lived together at Geneva, N. Y., as husband and wife, until Feb-
ruary 22, 1892. During this time two children were born of the marriage,—
Raymond, February 22, 1890; and Josephine E., in January, 1892. On the
22d of February, 1892, the plaintiff left her husband, and returned to her
parents, at Rochester, N. Y. On the 27th of the same month, she began an
action for a separation, on the ground of cruel and inhuman treatment.
March 19, 1892, the defendant answered in the action; and April 25, 1892,
an order was duly granted and entered, requiring the defendant to pay $25
counsel fee and disbursements in the action, and $4 per week for plaintiff's
support during its pendency. The sum awarded for counsel fee was paid,
and also the alimony to September 1, 1892, since which date no alimony has
been paid, though the action is still pending. December 25, 1892, the hus-
band left this state, and removed to the state of Nebraska, where he has
since remained. December 7, 1892, this action was begun, and upon the
trial the plaintiff had a verdict for the amount of alimony,—$264,—which
became due between September 1, 1892, and December 7, 1892.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD,
and GREEN, JJ.

Thomas Raines, for appellant.
William E. Edmonds, for respondent.

FOLLETT, J.    The precise ground on which the pleader sought
to found this action is not clearly set forth in the complaint; and
it is easier to say what causes of action are not alleged than to as-
certain the particular cause of action sought to be alleged.    It is
clear that the action was not brought on the theory that prior to
December 25, 1892, the defendant alienated the affections of the
plaintiff's husband, the defendant's son, and so induced the separa-
tion, and deprived the plaintiff and her children of the support at
his hands to which they were entitled.    The case was not tried
upon that theory; but it was tried and submitted to the jury on
the theory that in case the defendant advised and aided the plain-
tiff's husband to leave the state, and go beyond the jurisdiction of
the court, with intent to deprive the plaintiff of the support pro-
vided by the order granting alimony, the defendant would be liable
for the damages, which were, as the jury were instructed, in case
they found the defendant liable, the amount due under the order at
the date when the action was begun, for which amount a verdict
was recovered.    The evidence given by and in behalf of the plain-

tiff in support of this issue was slight; but it was, in the opinion of the learned trial justice, sufficient to make out a prima facie case. The defendant, in her testimony, denied that she advised or aided her son to leave the state, and testified that she was not aware of his intention to go.    Some evidence was introduced which corroborated her testimony.    Upon the trial, the plaintiff was permitted, over the objection and exception of the defendant, to show the unhappy relations which existed between the plaintiff and her husband prior to their separation.    It was shown that he was frequently intoxicated, and that, when in that condition, he abused and ill treated the plaintiff.    The plaintiff and her husband and the defendant lived in the same village, and the two families were in frequent communication.    The plaintiff was allowed to give evidence of various acts of ill treatment on the part of her husband with which the mother had no connection, and of which she had no knowledge.    We think the court erred in receiving evidence of the conduct of the husband prior to February 22, 1892, for it was not relevant to the issue whether this defendant advised him to leave the state in December, 1892, for the purpose of depriving the plaintiff of alimony.    The tendency of this evidence was to excite the sympathy of the jury in favor of the plaintiff, and thus prejudice the rights of the defendant, and especially in a case where the issue of fact was so doubtful.    If the defendant can be held liable in this action, it is only on the ground that she induced and aided her son to leave the state, with the intent to evade the order, which must be determined by what she did after the order for alimony was granted.    Assuming that it was competent to show the existence prior to February 22, 1892, of ill will on the part of defendant towards the plaintiff, for the purpose of convincing the jury that it was probable that the defendant did the acts alleged, it was not competent to prove the quarrels between the husband and wife which did not occur in the defendant's presence, and in which she took no part, and of many of which she was not shown to have any knowledge.    The judgment should be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed, and a new trial granted, with costs to abide the event.    All concur.